IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH DAVIS, JR., *et al.*,

Plaintiffs,

v.

STATE OF MARYLAND, *et al.*,

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Civil Action No. 1:26-cv-00799-ELH

**PLAINTIFFS' SUR-REPLY TO DEFENDANT OFFICERS' REPLY
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**COMES NOW** Plaintiffs Keith Davis, Jr. and Kelly Davis, by and through undersigned counsel, submit this Sur-Reply to Defendant Officers Lane Eskins and Catherine Filippou's Reply in Support of Motion to Dismiss the First Amended Complaint ("Reply"), ECF 27. This Sur-Reply is limited to new and materially expanded arguments and authorities raised in the Reply.

**I. INTRODUCTION**

The First Amended Complaint pleads a straightforward theory the Court must accept at this stage: Defendants shot Mr. Davis while he was unarmed; after he had been incapacitated and removed from the scene, officers placed (or caused to be placed) a firearm on top of a refrigerator near where he had been sitting; and Defendants then used that fabricated firearm narrative to justify the shooting, arrest, and ensuing prosecution that ended in an acquittal. First Amended Complaint ¶¶ 1–11, 36–48, 50–52, 107–126, 145–158.

The Reply does not grapple with those well-pleaded allegations under the Rule 12 standard. Instead, it asks the Court to do what Rule 12 does not permit: (1) expand *Heck* into a

broad "same transaction/same facts" bar untethered from its controlling "necessarily imply" test; (2) adopt Defendants' factual narrative from extra-pleading criminal records via judicial notice to establish contested merits predicates (e.g., that separate case numbers were "tried together" and therefore concerned "the same handgun"); and (3) evade the favorable-termination rule governing Plaintiffs' federal Fourth Amendment malicious-prosecution claim.

Properly applying *Heck*, the pleading-stage standards, and the Supreme Court's favorable-termination rule, Defendants' motion should be denied.

## II. ARGUMENT

### A. The Reply's "same transaction" reformulation misstates *Heck*; the controlling inquiry is whether success would "necessarily imply" invalidity

Defendants' Reply pivots from the traditional *Heck* inquiry to a transactional-overlap theory, arguing that Heck is concerned with avoiding "two conflicting resolutions arising out of the same or identical transaction," and therefore permits dismissal whenever a civil claim and conviction share the "same conduct." ECF 27 at 6.

That is not the test. *Heck* bars a 42 U.S.C. § 1983 claim only if success "would necessarily imply the invalidity" of an outstanding conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The Supreme Court's holding is expressed in necessity terms, whether the civil judgment would *necessarily* impugn the criminal judgment, not in "same incident" or "same transaction" terms.

Fourth Circuit precedent reinforces that *Heck* is a claim-specific inquiry, not a broad transactional bar. In *Ballenger*, the court applied the "necessarily imply" analysis, barring a § 1983 theory only when success would necessarily undermine the extant conviction. *Ballenger v. Owens,* 352 F.3d 842, 845–46 (4th Cir. 2003). In *Covey*, the court explained that claims challenging certain Fourth Amendment violations (e.g., some search theories) do not

2

necessarily imply invalidity and therefore are not categorically *Heck*-barred. *Covey v. Assessor of Ohio County,* 777 F.3d 186, 197 (4th Cir. 2015).

Defendants' transactional approach would collapse that doctrine into a fact-overlap rule. But *Heck* does not ask whether the civil suit is "related"; it asks whether the civil theory *necessarily* negates the conviction. *Heck*, 512 U.S. at 486–87. On the pleadings, where the Court must accept Plaintiffs' allegations and draw reasonable inferences for Plaintiffs, Defendants have not established a "necessarily implies" bar as a matter of law.

**B. The Reply's judicial-notice strategy is improper at Rule 12: it asks the Court to adopt disputed facts from extra-pleading criminal records to manufacture the *Heck* predicate**

Defendants' Reply attempts to establish the key factual predicate for their expanded *Heck* argument, coextensiveness between separate case numbers, by asking the Court to take judicial notice of state-court records and to treat their narrative as establishing that the cases were "tried together and based on the same conduct." ECF 27 at 3–4.

This is exactly the kind of pleading-stage overreach the Fourth Circuit has cautioned against. Courts may take judicial notice of matters of public record, but they may not use judicial notice as a vehicle to resolve disputed factual issues or to credit contested narratives against the complaint.

First, Rule 12 limits what the Court may consider. The Fourth Circuit recognizes that a court may consider certain documents beyond the complaint (including matters of public record), but that does not license the court to resolve factual disputes against the plaintiff. *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009).

Second, even when judicial notice is permissible, it depends on the use to which the noticed material is put. In *Clatterbuck*, the Fourth Circuit held it was error to reach outside the pleadings to make findings of fact at the pleadings stage. *Clatterbuck v. City of Charlottesville,*

3

708 F.3d 549, 557 (4th Cir. 2013). In *Zak*, the Fourth Circuit reversed where a district court improperly relied on non-integral documents at Rule 12, reiterating that such consideration must not be used to draw adverse inferences against the plaintiff. *Zak v. Chelsea Therapeutics International, Ltd.,* 780 F.3d 597, 606 (4th Cir. 2015).

Defendants' Reply does precisely what those cases prohibit. It does not merely ask the Court to notice the existence of filings. It asks the Court to treat the narrative characterization in those records—"tried together," "same conduct," "same handgun"—as an established fact, and then to use that "fact" to expand *Heck's* reach and dismiss claims. ECF 27 at 3–7.

At this stage, the Court must instead evaluate whether the First Amended Complaint plausibly alleges constitutional violations and whether Defendants have shown a dispositive bar on the face of the pleading. Judicial notice cannot be used to supply contested merits facts that are central to the dispositive issue.

### C. Defendants' reliance on *Griffin* underscores the limits of their position: *Heck* requires a claim that would necessarily imply invalidity of an intact conviction, not a dispute about what happened

Defendants invoke the Fourth Circuit's application of *Heck* in *Griffin* to emphasize finality concerns. ECF 27 at 5–6 & n.3. But *Griffin* applied the orthodox *Heck* rule: where the plaintiff's § 1983 theory (there, a Brady-based damages theory) would necessarily imply invalidity of an intact conviction, the claim is barred absent invalidation through recognized mechanisms. *Griffin v. Baltimore Police Department*, 804 F.3d 692, 695–96 (4th Cir. 2015).

That principle does not convert *Heck* into a transactional bar. It confirms that Defendants must satisfy the "necessarily implies" standard. *Heck*, 512 U.S. at 486–87; *Griffin*, 804 F.3d at 695–96.  And in assessing necessity, the Court must not resolve factual disputes (e.g., which firearm, what conduct, what was proven, what was fabricated) against Plaintiffs

using extra-pleading narratives. That is the Reply's principal move, and it is improper at Rule 12.

### D. The Reply's favorable-termination argument fails as to Plaintiffs' federal malicious-prosecution claim because *Thompson* controls

Defendants contend *Thompson* does not alter Maryland law and argue Plaintiffs have not shown favorable termination. ECF 27 at 6–7 & n.4.

Even putting Maryland common-law elements aside, *Thompson* controls the favorable-termination element for Plaintiffs' federal Fourth Amendment malicious-prosecution claim under § 1983: the plaintiff need only show the prosecution ended without a conviction. *Thompson v. Clark*, 596 U.S. 36, 49 (2022). The First Amended Complaint pleads that the prosecution identified in that count ended in a jury acquittal. ECF 10 ¶¶ 9–10, 50–52, 117–126.

Defendants attempt to defeat that element by importing a different conviction from a different case number and by asserting, as a noticed fact, that the cases were tried together and involve "the same conduct." ECF 27 at 3–7. But that maneuver is (1) inconsistent with *Thompson's* claim-specific favorable-termination rule, and (2) dependent on the same improper judicial-notice factfinding discussed above.

At the pleading stage, Plaintiffs have alleged favorable termination as *Thompson* defines it. *Thompson*, 596 U.S. at 49.

### E. The Reply's accrual discussion reinforces why Defendants' "knew he was injured" argument is not a universal pleading-stage answer, especially for fabrication and post-process seizure claims

Defendants contend that limitations bars the excessive-force claims because Mr. Davis knew of his injury by June 2015. ECF 27 at 7–11. They also argue that fabrication accrual doctrine is irrelevant to excessive force. *Id*. at 8 n.5.

Two points matter here for purposes of Defendants' reply-stage framing.  First, the Supreme Court has emphasized that deferred accrual under *Heck* is "called into play only when there exists a conviction or sentence that has not been invalidated," i.e., an outstanding criminal judgment that success in the civil action would impugn. *Wallace v. Kato,* 549 U.S. 384, 393–94, 397 (2007). Defendants' Reply tries to invoke *Heck* broadly while also urging categorical accrual principles; *Wallace* cautions against that kind of doctrinal mixing.

Second, for fabricated-evidence claims, accrual is not governed by the plaintiff's awareness of the fabrication at the time of arrest. The Supreme Court held that the limitations period for a § 1983 fabricated-evidence claim does not begin until the criminal proceedings terminate in the defendant's favor. *McDonough v. Smith*, 588 U.S. 109, 122–23 (2019). That rule exists in substantial part to avoid parallel civil and criminal litigation and the risk of inconsistent judgments. *McDonough*, 588 U.S. at 121–23.

Relatedly, the Supreme Court has made clear that the Fourth Amendment governs challenges to pretrial detention unsupported by probable cause, including detention after the start of legal process. *Manuel v. City of Joliet*, 580 U.S. 357, 367–69 (2017). The Fourth Circuit likewise recognizes a § 1983 claim analogous to malicious prosecution where the plaintiff was seized pursuant to legal process not supported by probable cause and the criminal proceeding terminated in the plaintiff's favor. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996).

These accrual principles underscore that Defendants' reply-stage effort to collapse the analysis into a simple "knew he was injured" concept, while simultaneously expanding *Heck* through extra-pleading judicial notice, does not justify dismissal of the fabrication and malicious-prosecution theories at the pleading stage.  And to the extent Defendants press a limitations bar as to the § 1983 counts generally, the applicable limitations period is borrowed

6

from the forum state's general personal-injury limitations period. *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

**F. LGTCA: even accepting Defendants' framing, substantial compliance and good-cause waiver are not eliminated by the First Amended Complaint's allegations**

Defendants argue the First Amended Complaint fails to plead LGTCA compliance because it does not allege written notice within 180 days, and Defendants argue there is no tolling of the LGTCA notice period. ECF 27 at 11–14.

At the pleading stage, however, the First Amended Complaint alleges actual notice and that Plaintiffs sent notices by certified mail to the City Solicitor, the State Treasurer, and the Baltimore Police Department. First Amended Complaint ¶¶ 21–22. Whether those allegations amount to strict compliance, substantial compliance, or support waiver is not resolved by Defendants' assertion that the allegations are "unsupported."

Maryland's substantial-compliance doctrine focuses on whether the local government (or the entity responsible for investigating) received timely actual notice sufficient to investigate, even if the notice was not directed to the precise statutorily designated recipient. *Moore v. Norouzi*, 371 Md. 154, 170–72 (2002). And while the LGTCA notice requirement is a condition precedent, Maryland courts evaluate substantial compliance and waiver under standards that are purpose-driven and fact-dependent. *Rios v. Montgomery County*, 386 Md. 104, 126–27, 144–45 (2005).

Defendants' reliance on decisions rejecting good cause on developed or undisputed records does not convert the waiver inquiry into a categorical pleading-stage bar whenever Defendants dispute diligence. *See Rios*, 386 Md. at 144–45. Nor does the fact that some cases reject substantial compliance where notice never reached an entity responsible for investigating

7

tort claims mean that substantial compliance is foreclosed as a matter of law on these pleadings. *White v. Prince George's County*, 163 Md. App. 129, 144–46 (2005).

In short, Defendants have not shown, on the face of the First Amended Complaint, that Maryland's substantial-compliance and waiver doctrines are categorically unavailable.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' Opposition, Plaintiffs respectfully request that the Court deny Defendant Officers' Motion to Dismiss the First Amended Complaint.

Respectfully submitted May 4, 2026.

Latoya Francis-Williams, Bar No. 29957
Law Office of Latoya A. Francis-Williams, LLC
P.O. Box 451
Randallstown, Maryland 21133
Telephone: (410) 356-4691;  Facsimile: (443) 548-4588
Email: lfwlaw1@gmail.com
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4TH day of May, 2026, a copy of the foregoing was filed electronically via CM/ECF, which served all counsel of record.

Latoya Francis-Williams, Bar No. 29957
Law Office of Latoya A. Francis-Williams, LLC
P.O. Box 451
Randallstown, Maryland 21133
Telephone: (410) 356-4691;  Facsimile: (443) 548-4588
Email: lfwlaw1@gmail.com
*Counsel for Plaintiffs*

8