UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

KEITH DAVIS, JR., et al.                    *

            Plaintiffs,       *

   v.

                       *     Civil Action No.: 1:26−cv−00799−ELH

MAYOR AND CITY COUNCIL,            *
OF BALTIMORE, *et al.*

                       *

Defendants.                                  *

                       *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MAYOR & CITY COUNCIL OF BALTIMORE'S REPLY IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINT**

Plaintiffs' Opposition offers no reason the claims against Mayor & City Council of Baltimore ("the City") should not be dismissed. Instead, it recycles arguments that have been repeatedly considered and rejected by this Court and others.

With respect to the City's liability for the federal claims, Plaintiffs devote pages in their Opposition to discussing *Monell* liability and the elements of a *Monell* claim. ECF No. 22-1 at 6-10. Whether Plaintiffs' Amended Complaint meets plausibility standards for a *Monell* claim is an entirely separate issue from whether the City is a proper party. Controlling case law clearly establishes that the City did not have *Monell* liability for any policies of the Baltimore Police Department ("BPD") in 2015. *Estate of Anderson v. Strohman*, 6 F. Supp.3d 639, 646 (D. Md. 2014) ("Plaintiffs cannot avoid the mountain of law insisting the City does not sufficiently control the BPD or Baltimore police officers. Neither can this Court. Baltimore police officers are state employees free from the City's supervision and control. The City sets no policy or custom that Baltimore police officers execute, and the City cannot be liable for the conduct of Officers . . ."). *See also Earl v. Taylor*, No. CCB-20-1355, 2021 WL 4458930, \*3 (D. Md. Sept. 29, 2021)

1

(acknowledging *Strohman* and stating that the City of Baltimore does not control BPD for *Monell* purposes).

In *Middleton v. Balt. Police Dep't*, a case involving the same attorneys, this Court granted the City's motion to dismiss because, in 2018, BPD was not controlled, managed, or supervised by the City. No. ELH-20-3536, 2022 WL 268765 (D. Md. Jan. 22, 2022) (quoting *Nicholson v. Balt. Police Dep't*, No. DKC-20-3146, 2021 WL 1541667, at *10 (D. Md. Apr. 20, 2021)) ("[i]t is well settled that the City does not 'regulate or supervise the BPD.'"). In *Middleton*, this Court stated bluntly,

> And, "[p]ut simply, because the BPD is not controlled, managed, or supervised by the City," plaintiff cannot satisfy the criteria for a *Monell* claim against the City under § 1983. *Nicholson*, 2021 WL 1541667, at *10; *see also Bradley v. Balt. Police Dep't*, 887 F. Supp. 2d 642, 647-48 (D. Md. 2012) (dismissing plaintiff's § 1983 claims against the City because the City does not exercise sufficient control over BPD to be liable for its actions).

2022 WL 268765, at *14.

Plaintiffs have not located a single case stating otherwise, nor have they provided any reason this "mountain of law" law should be overturned or not applied in the present case. Repeated reliance on this theory is plainly wrong. The federal claims against the City must be dismissed.

The State law claims against the City fare no better. Contrary to Plaintiffs' argument, there is no factual "allocation of authority" question. ECF No. 22-1 at 11. Whether BPD was a State or local agency in 2015 is a legal question that has been firmly established. Courts have universally held that BPD was a State agency in 2015 and is not liable for the acts or omissions of BPD or its officers. For example, in *Jones v. Chapman*, this Court noted that BPD "has long been considered an agency of the State of Maryland." No, ELH-14-2627, 2015 WL 4509871 (D. Md. July 24,

2

2015). *See also Middleton*, 2022 WL 268765, at *15 (stating that the City is not liable for actions of BPD officers and that "attempts to suggest otherwise are wide of the mark.").

Dismissal with prejudice as to all claims against the City is appropriate because amendment would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (stating that leave to amend may be denied where amendment would be futile)*; Taylor v. MGM Resorts Internat'l, LLC*, No. DKC-21-3192, 2023 WL 2894950, *1 (D. Md. Apr. 11, 2023) (stating that leave to amend is not granted where amendment would be futile). Because the deficiencies are legal rather than factual, this Court should dismiss the claims against the City with prejudice.

### CONCLUSION

Plaintiffs' Amended Complaint fails as a matter of law against the City. Accordingly, the City respectfully requests this Court dismiss Plaintiffs' Amended Complaint against it in its entirety with prejudice and without leave to amend.

Respectfully submitted,

  /s/

Brent D. Schubert (Fed. Bar No. 19593)
Deputy Chief Solicitor
Kara K. Lynch (Fed. Bar No. 29351)
Chief Solicitor
Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
brent.schubert@baltimorepolice.org
kara.lynch@baltimorepolice.org.
*Counsel for Defendant Mayor and City*
*Council of Baltimore*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th Day of May 2026, a copy of the foregoing was electronically filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland.


_____/s/_____
Kara K. Lynch (29351)