UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

KEITH DAVIS, JR, et al.                          *

                        Plaintiffs,              *
            v.
                                                 *       Civil Action No.: 1:26−cv−00799−ELH

MAYOR AND CITY COUNCIL,                          *
OF BALTIMORE, *et al*.
                                                 *

Defendants.                                      *

                                                 *

      *      *      *      *      *      *      *      *      *      *      *      *      *

**FORMER COMMISSIONER ANTHONY BATTS'S REPLY IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINT**

Defendant former Baltimore Police Commissioner Anthony Batts, by undersigned counsel, respectfully submits this reply in support of his Motion to Dismiss the claims asserted against him in Count I (individual-capacity supervisory liability) and Count V (official-capacity *Monell* claim). Plaintiffs' Opposition confirms that both counts rest on generalized assertions and conclusory allegations rather than well-pleaded facts establishing plausibility under Rule 8 and *Iqbal/Twombly*. The Court should dismiss both counts. Dismissal with prejudice is warranted because Plaintiffs' theory rests on legally insufficient attempts to convert broad "pattern and practice" allegations into notice, deliberate indifference, and proximate causation for the particular incident at issue in this case. In addition, the claims are barred by the *Heck* and/or the statute of limitations as explained in the individual officer Defendants' papers, and there is no supervisory or *Monell* liability without an underlying constitutional violation.

1

I.    **Count I fails to state a supervisory liability claim against Batts.**

   *A. Plaintiffs have not plausibly pleaded that Batts was on notice.*

Plaintiffs point to their allegations in paragraphs 63-66 of their Amended Complaint to support their claim. ECF No. 23-1 at 4. However, a general citation to the United States Department of Justice Report is insufficient, especially because the Report was issued in 2016 and the incident occurred in 2015. The allegations that BPD officers used deadly force on individuals also is insufficient. There are no facts in in the Amended Complaint to support the conclusion that the cited uses of force were unlawful, nor are there any facts explaining the circumstances leading to the use of force. As to fabrication of evidence, aside from generalized statements, there are no facts alleged at all.

In short, Plaintiffs' Opposition aggregates broad "pattern" rhetoric and unspecified "DOJ findings" to bridge pleading gaps. Plaintiffs argue that "before June 7, 2015, BPD had a known pattern of excessive force and post-incident fabrication/false charging," that "Officers Eskins and Filippou had significant pre-incident force/misconduct histories," and that Commissioner Batts "knew or should have known of these risks." ECF 10 ¶¶ 63-71, 86-96, 127-136 . But the Opposition identifies no concrete, adjudicated events or internal determinations apprising Batts of a specific, pervasive risk posed by these officers. As stated in Batts's opening memorandum, there is no allegation that Batts supervised rank and file officers at such a granular level. There is no allegation that Batts had or should have had specific knowledge of every use of force complaint or investigation against every BPD member and/or the individual Defendants in this case. Plaintiffs' supervisory claim fails to properly plead notice and therefore fails.

**B.      *Plaintiffs have not plausibly pleaded deliberate indifference.***

Plaintiffs assert that there were failures in "training, supervision, monitoring, discipline, and accountability," but they do not allege facts showing that Batts disregarded identified deficiencies after warnings specific to the misconduct alleged here. Plaintiffs contend Batts "failed to implement adequate training, supervision, monitoring, restrictions, and discipline," referencing ECF 10 ¶¶ 69-70A, 90, and further point to post-incident IAD notifications to the involved officers involving Mr. Davis's incident as supposed support for indifference. ECF 10 ¶¶ 70B-70D, 91-93. However, post-incident activity cannot retroactively create pre-incident notice or indifference. And Plaintiffs still do not identify what specific training or supervisory protocol Batts knew was deficient pre-incident and consciously ignored.

The Amended Complaint does not plead nonconclusory facts showing that any omission by Batts was the moving force behind the particular shooting or the alleged evidence fabrication. Plaintiffs state "Batts' omissions plausibly contributed" to the alleged shooting and "planted firearm evidence," relying on ECF 10 ¶¶ 70, 70D-71, 94-96. These are formulaic recitals of causation lacking factual enhancement about what Batts did or failed to do, when, and how that omission proximately produced the specific on-scene actions by the officers.

Therefore, the Court should dismiss the supervisory claim against Batts.

**II. Plaintiffs fail to state a *Monell* claim.**

**A. *Plaintiffs fail to sufficiently plead a pattern and practice***

*Monell* liability demands factual allegations of a policy or custom that is the moving force behind the injury, not abstract characterizations. Plaintiffs assert "an entrenched custom of excessive force and post-incident justification through fabricated evidence/false charging; notice to policymakers; and failures in training, supervision, monitoring, discipline, and Internal Affairs

3

accountability," citing ECF 10 ¶¶ 129-134. But the Opposition points to no well-pleaded, pre-incident facts establishing a widespread, persistent practice closely related to the alleged misconduct here, attributable to a final policymaker, and existing independent of this incident.

### B. Plaintiffs' reliance on officer histories and "DOJ findings" is insufficient

Plaintiffs reference officer-specific "histories" and unspecified findings but do not allege concrete events, temporal proximity, frequency, or comparability sufficient to infer a custom. They rely on ECF 10 ¶¶ 63-71, 67-70D, 129-135 to argue a "specific kind of pattern (force + post-incident fabrication/charging)" and a link to this case. These references do not identify the content of any policy, who established or ratified it, or facts showing that purported incidents were similar in kind, sufficiently numerous, and known to policymakers before June 7, 2015.

### C. Plaintiffs' failure-to-train theory fails

Plaintiffs argue that Batts failed to implement "adequate training" on use of force, Internal Affairs investigations, and evidence integrity. ECF No. 10 at ¶¶ 69, 90. As explained in Batts's opening memorandum training instructing officers not to shoot blindly into random, unknown places would be frivolous. Plaintiffs try to avoid the "obviousness" problem by redefining training as "threat identification," "scene controls," and "early-intervention systems," but plead no facts about what BPD training actually was, how it was deficient, that Batts was aware of specific deficiencies, and that the deficiency was the moving force here. Plaintiffs do not identify the nature of the training or allege how the training received was deficient. *See, e.g., Palma v. Montgomery Cnty.*, 598 F. Supp.3d 288, 298 (D. Md. 2022) ("A failure to train *Monell* theory requires a plausible demonstration that (1) the nature of the training was insufficient in some particularized manner; (2) the insufficiency of the training was a deliberate or conscious choice; and (3) a causal relationship existed between the failure-to-train and the injuries suffered.").

The Opposition cites ECF 10 ¶ 132(a)-(d) (identifying categories such as threat identification, evidence integrity, early intervention, and IA accountability) and attempts to connect them to allegations at ¶¶ 33, 42-47, 112-114, 119-121. Listing topics does not meet Rule 8's plausibility standard without factual enhancement about the content of training, decisions by policymakers, and a causal nexus. *Simmons v. Balt. Police Dep't*, No. CV LKG-21-00969, 2023 WL 8452448, at *14 (D. Md. Dec. 6, 2023) (finding plaintiff's allegations of general laxness in "the training on [the municipality's] vehicle pursuit policy" insufficient); *Devi v. Prince George's Cnty.*, No. CV DKC 16-3790, 2017 WL 3592452, at *3 (D. Md. Aug. 21, 2017) (finding plaintiff's allegations insufficient where he stated "in conclusory terms that the County failed to adequately train, supervise, and discipline its officers against the use of excessive force"). As courts have stated time and again, "[c]onclusory or broad-sweeping allegations of deficient officer training that was a deliberate or conscious choice by the municipality and which resulted in unconstitutional officer conduct are insufficient to state a claim." *Semenchenko v. Brown*, No. CV JRR-25-01044, 2026 WL 318996, *7 (D. Md. Feb. 6, 2026) (citing *Corbitt v. Balt. City Police Dep't*, No. CV RDB-20-3431, 2022 WL 846209, at *8 (D. Md. Mar. 22, 2022); *Devi v. Prince George's Cnty.*, No. CV DKC 16-3790, 2017 WL 3592452, at *3 (D. Md. Aug. 21, 2017); *Jones v. Chapman*, No. CIV.A. ELH-14-2627, 2015 WL 4509871, at *18–20 (D. Md. July 24, 2015); *Hall v. Fabrizio*, No. CIV. JKB-12-754, 2012 WL 2905293, at *2 (D. Md. July 13, 2012)).

### III. Plaintiffs' treatment of a distinct constructive-possession conviction underscores the pleading deficiencies.

The Opposition suggests that any conviction-related issues are not relevant at the motion to dismiss stage. But Plaintiffs' own framing highlights the absence of a clear, coherent causal theory that avoids conflicts with undisputed procedural history and that ties alleged policies or supervisory omissions to the specific constitutional injuries claimed. Plaintiffs argue Batts's

5

"conviction-focused" point draws defense-favorable inferences, asserting their claims target different conduct and that charges culminating in January 13, 2023 dismissal followed the June 7, 2015 incident, citing ECF 10 ¶¶ 33-47, 50-57, 61. Even accepting their characterization, Plaintiffs still fail to plead nonconclusory facts showing that a municipal policy/custom or Batts's deliberate indifference "caused" the his alleged constitutional injury, as opposed to independent prosecutorial and judicial decisions.

### IV. Batts adopts and incorporates the individual officer defendants' arguments.

Batts adopted and incorporated the individual officer defendants' arguments in his opening memorandum in support of his motion to dismiss.  ECF 16 at p. 15. Accordingly, Batts adopts and incorporates the arguments made in the individual officers' reply brief.  ECF 27. Because Plaintiffs' claims are barred by *Heck* (ECF 17 at p. 5-8; ECF 27 at p. 2-7) and/or the statute of limitations (ECF 17 at p. 8-12; ECF 27 at p. 7-11), they cannot state a claim against Batts for supervisory liability or BPD for *Monell* liability. *See e.g., Grayson v. Peed*, 195 F.3f 692, 697 (4th Cir. 1999) (*abrogated on other grounds by Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023)) ("[A]s there are no underlying constitutional violations by any individual, there can be no municipal liability."); *Waybrought v. Frederick Cnty., Md.*, 528 F.3d 199, 203 (4th Cir. 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)) ("[s]upervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages."). This Court has noted that "[i]t is axiomatic that a *Monell* claim cannot lie 'where there is no underlying constitutional violation by the employee.'" *Johnson v. Balt. Police Dep't*, 500 F. Supp.3d 454, 459 (D. Md. 2020) (citations omitted).

**V. Dismissal should be with prejudice.**

Plaintiffs' opposition confirms that their theories depend on generalized, non-adjudicated allegations, abstract policy characterizations, and post-incident inferences. They have already amended and still cannot identify factual matter establishing (a) Batts's pre-incident knowledge of a specific, pervasive risk involving these officers or this type of misconduct; (b) a deliberate, policymaker-level decision or omission in the face of such knowledge; and (c) a concrete causal link between any such omission and the discrete actions alleged. In addition, Plaintiffs' claims are *Heck* barred. Further amendment would merely repackage the same conclusory allegations and barred claims.

## CONCLUSION

Plaintiffs' Amended Complaint fails as a matter of law against Batts. Accordingly, Batts respectfully requests this Court dismiss Plaintiffs' Amended Complaint against him in its entirety with prejudice and without leave to amend.

Respectfully submitted,

  /s/
Brent D. Schubert (Fed. Bar No. 19593)
Deputy Chief Solicitor
Kara K. Lynch (Fed. Bar No. 29351)
Chief Solicitor
Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496
Facsimile:   (410) 396-2126
brent.schubert@baltimorepolice.org
kara.lynch@baltimorepolice.org.
*Counsel for Defendant Batts*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th Day of May 2026, a copy of the foregoing was electronically filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland.

_____/s/_____
Kara K. Lynch (29351)